EMIL E. SCHMIDT, PETITIONER-DEFENDANT, v. ATLANTIC
REFINING COMPANY, RESPONDENT-PROSECUTOR.

Argued May 2, 1944—Decided September 11, 1944.

Before Justices PARKER, HEHER and COLIE.

For the prosecutor, *McCarter, English & Egner* (*Verling C. Enteman* and *Charles Howard,* of counsel).

For the defendant, *William E. Kennedy* (*Edwin Joseph O'Brien* and *Thomas J. Brett,* of counsel).

The opinion of the court was delivered by

HEHER, J. On March 11th, 1938, Schmidt suffered a sacro-iliac sprain by an accident which arose out of and in the course of his employment with prosecutor; and on June 2d, 1939, the Workmen's Compensation Bureau made an award of compensation under *R. S.* 34:15–7, *et seq.,* for consequent permanent disability to the extent of 7½% of total. On February 6th, 1941, after the award had been satisfied, the employee interposed a petition for compensation for increased permanent incapacity. The Bureau found an increase of 7½% in permanent disability, attributable to this injury, and allowed compensation accordingly. In the Essex Common Pleas, on the employer's appeal, Judge Brennan affirmed the judgment. It is now before us on *certiorari.*

The question for decision is whether the employee has sustained the burden of proof on the issue thus made. We think he has.

While the law casts upon this court the duty of appraising the evidence and making independent findings of fact, the concurrence of the tribunals below in the factual conclusions is a persuasive circumstance, especially since one of them had the advantage of personal observation of the witnesses and their demeanor and manner of testifying.

The parties are agreed that the employee sustained a compensable sacro-iliac injury resulting in permanent disability; and it is fairly deducible from the evidence that, since the

original award of compensation, the permanent incapacity has increased to 15% of total. And there is no tangible basis for the inference that this increase of disability was the result of a later accidental injury, either in whole or in part. What is offered as proof in this regard consists merely of manifestations of physical weakness and pain in the course of the employee's service under subsequent employments with others, proximately resulting from the sacro-iliac injury suffered while in defendant's employ. To hold that such are symptomatic of a later traumatic aggravation of the old injury would be the merest speculation.

The question essentially is one of causal relation. Was there a second industrial accident which aggravated the consequences of the old injury, and thereby increased the disability? Was the chain of causation broken by an intervening independent cause? If so, the industrial mishap is deemed in law *causa remota* as regards the new injury. *McDonough* v. *Sears, Roebuck & Co.*, 127 *N. J. L.* 158; *affirmed*, 130 *Id.* 530. We cannot find that a subsequent industrial mishap was a contributing cause without which the increased disability would not have ensued; and there is no suggestion of any other intervening independent cause. The evidence preponderates in favor of the hypothesis that the enlargement of the incapacity was the proximate result of the initial sacro-iliac injury; and we so find.

The judgment is accordingly affirmed, with costs.